UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alan J. Roers,

                Plaintiff,

v.

Bank of America, N.A.,

                Defendant.

Case No. 23-cv-271 (PJS/ECW)

**ORDER**

This case is before the Court on Defendant Bank of America, N.A.'s ("Bank of America") Motion to Strike Amended Complaint (Dkt. 64). For the reasons discussed below, the Court grants Bank of America's Motion.

## I.     BACKGROUND

On December 29, 2022, Plaintiff Alan J. Roers ("Roers" or "Plaintiff") filed the original Complaint in Hennepin County District Court against Bank of America and Carrington Mortgage Services, LLC ("Carrington"). (Dkt. 1-1 at 1-13; Dkt. 1-2 (indicating case filed on December 29, 2022).) The Complaint alleged two counts, where Count I sought to "Invaidate [sic] Forclosure [sic] Sales" of two properties: 5416 Benton Avenue and 5412 Benton Avenue, Edina Minnesota 55426 which are two separate parcels "physically attached as a double bungalow," and Count II sought to "Set Aside Sheriff Sales" of the same two properties. (Dkt. 1-1 ¶¶ 1, 9, 27-30, 31-36.)

On February 2, 2023, Carrington removed the case to the United States District Court for the District of Minnesota. (*See* Dkt. 1.) Carrington filed its answer on

February 9, 2023 (Dkt. 5).  Bank of America moved to dismiss on March 2, 2023 (Dkt. 18) and Carrington moved for judgment on the pleadings on May 3, 2023 (Dkt. 30).  On July 18, 2023 U.S. Chief Judge Patrick J. Schiltz denied Bank of America's motion to dismiss, granted Carrington's motion for judgment on the pleadings, and dismissed without prejudice Roers' claims against Carrington because "[n]o sheriff's sale has yet occurred, or is scheduled to occur, with respect to the 5416 Benton Avenue property, so Roers's claims against Carrington, who holds the mortgage on that property, are not ripe for review."  (Dkt. 42.)  On August 1, 2023, Bank of America filed its Answer and Affirmative Defenses to Plaintiff's Complaint (Dkt. 43).

The Court issued a Pretrial Scheduling Order on September 11, 2023 setting a November 17, 2023 deadline for motions to amend the pleadings and a December 4, 2024 status conference.  (Dkt. 49 at 2, 4.)  On November 20, 2023, Roers filed a Motion for Extension of Time to Amend Pleadings (Dkt. 51) and the Court set a hearing on the Motion for December 28, 2023 (Dkt. 52).  Then, during the December 4, 2023 status conference, the Court granted the requested extension of time, set a December 18, 2023 deadline for a motion to amend the Complaint, and cancelled the December 28, 2023 hearing.  (Dkt. 56.)  The minutes from the December 4, 2023 status conference state: "Plaintiff's deadline to file a motion for leave to amend the complaint is December 18, 2023.  Plaintiff should ensure the motion complies with District of Minnesota Local Rule 15.1 and all other Federal and Local Rules."  (*Id.*)

Roers filed an Amended Complaint on December 18, 2023 but did not file a motion for leave to amend the complaint.  (Dkt. 63.)  The Amended Complaint asserts

2

three counts: Count I is that Bank of America wrongfully foreclosed on the 5412 Benton Avenue property; Count II is that Bank of America violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, and the Fair Credit Reporting Act; Count III asks the Court to set aside the sheriff sale of 5412 Benton Avenue; and Count IV seeks attorney's fees and expenses. (*Id.* at 9-13.)

Bank of America filed the present Motion to Strike Amended Complaint (hereinafter the "Motion") and accompanying memorandum on March 4, 2024. (*See* Dkts. 64, 66.) The Court scheduled a motion hearing for March 25, 2024. (Dkt. 65.) On March 22, 2024, the Court issued the following order:

> Mr. Roers has informed chambers by phone that he wants an extension of his deadline to respond to the motion to strike and a continuance of the motion hearing. He was advised that all such requests for relief need to be made by motion and mailed to the Clerks Office or delivered in person to the Clerks Office. As of the date of this order, no such motion has been received from Mr. Roers. However, in view of the fact that the motion hearing is scheduled for March 25, 2024, the motion hearing is CANCELLED. Mr. Roers must file his opposition no later than March 29, 2024, otherwise the Court will treat the motion as unopposed. The Court will set a motion hearing if the Court determines one is necessary.

(Dkt. 71.)

Roers filed his response on March 29, 2024. (Dkt. 72.)

## II.   ANALYSIS

Bank of America argues that Roers' Amended Complaint should be stricken because he never filed "a motion for leave to amend as ordered by this Court" nor obtained leave to file the Amended Complaint. (Dkt. 66 at 1-2.) Bank of America argues that because Roers did not file a motion for leave to amend (and instead only filed the

3

Amended Complaint), it was unable to assert in a response to such a motion "that Plaintiff's proposed amendments would be futile or otherwise make arguments against amendment." (*Id.* at 2.) Bank of America also argues that Roers' failure to follow the Court's order makes it "unclear what the operative complaint and claims are," making it impossible "to properly conduct discovery and proceed with this case." (*Id.*)

Roers counters in his March 29, 2024 filing as follows:

> During the hearing on December 4, 2023 before Judge Elizabeth Cowen [sic] Wright, the Court granted the extension deadline to Amend Pleadings and cancelled the Hearing requested by the Plaintiff to hear Plaintiffs Motion to Amend Pleadings (to request leave by motion hearing). Plaintiff then believed that he had leave to Amend his Complaint and did so on December 18, 2023.
>
> Plaintiff believes that the canceled hearing of his Motion to Amend Pleadings scheduled for December 28, 2023 was due in part to the Granting of the Plaintiff request also to extend pretrial deadlines. That extension was Granted and the scheduled hearing was cancelled. The hearing Noticed was for a Motion to Amend Pleadings. Plaintiff believed that he had followed the required steps and that the Court had granted him leave to Amend. He then did file his Amended Complaint timely.

(Dkt. 72 at 1-2.) Roers also takes issue with the fact that Bank of America filed the Motion three months after Roers filed the Amended Complaint, and notes Bank of America's intent to file a motion to extend pretrial deadlines as to the operative complaint. (*Id.* at 2 (citing Dkt. 66 at 4 n.1).)

Rule 12 of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Rule continues that "[t]he court may act: (1) on its own; or (2) on motion made by a party. . . ." *Id.* A district court enjoys

4

"liberal discretion" under this rule. *Stanbury Law Firm, P.A. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted). Notably, "striking a party's pleadings is an extreme measure," and motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." *Id.* (citations omitted). A motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010).

Here, Roers did not file a motion for leave to file the Amended Complaint. Rule 15 of the Federal Rules of Civil Procedure states:

> Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

More than 21 days had passed since Roers served his original Complaint (*see* Dkt. 1) and more than 21 days had passed since Bank of America served its Answer and Affirmative Defenses (*see* Dkt. 43). Consequently, Roers was unable to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Instead, he was to seek and obtain the Court's leave to file an Amended Complaint. Fed. R. Civ. P. 15(a)(2) ("[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."); *Hansen v. Santander Bank, N.A.*, No. 22-CV-3048 (SRN/TNL), 2023

5

WL 5533536, at *10 (D. Minn. Aug. 28, 2023) ("Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course no later than '(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.' After this time expires or the party has amended once as of right, the party must seek leave to amend, and the Court must 'freely grant leave when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)). "Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quoting *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985)). Roers' Amended Complaint was filed without leave of the Court and introduces new theories of liability into the action and requests additional relief. *See Intermedics, Inc. v. Cardiac Pacemakers, Inc.*, No. CIV.4-95-716JRT/RLE, 1998 WL 35253496, at *2 (D. Minn. July 7, 1998), *aff'd*, 1998 WL 35253497 (D. Minn. Sept. 4, 1998) (granting a motion to strike a reply that was filed without leave of the court and that "infuse[d] wholly new theories of liability into the action").

Further, Roers did not comply with District of Minnesota Local Rule 15.1. That Rule states:

> (a) Amended Pleadings. Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading.
>
> (b) Motions to Amend. Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining,

6

underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading. If the court grants the motion, the moving party must file and serve the amended pleading.

D. Minn. LR 15.1. Roers did not file a copy of the Amended Complaint that shows how it differs from the original Complaint. *See* D. Minn. LR 15.1(b)(2). Moreover, during the hearing on December 4, 2023, the Court ordered that Plaintiff file a motion for leave to amend the complaint in compliance with Local Rule 15.1 and all other Federal and Local Rules. (*See* Dkt. 56.) Roers failed to comply with that Order.

The Court has considered Roers' pro se status and argument that he misunderstood the Court's cancellation of the December 28, 2023 hearing on Roers' Motion for an Extension of Time to Amend Pleadings as giving him leave to amend his Complaint. (Dkt. 72 at 2.) Roers claims that he believed the December 4, 2023 hearing was noticed for a Motion to Amend Pleadings and that he believed he had followed the required steps and received leave to amend. (*Id.*) However, the December 4, 2023 hearing minutes state:

> Hearing on: [51] Motion for Extension of Time to Amend Pleading [51] MOTION for Extension of Time to Amend Pleading; The Court held a status conference as to discovery and settlement discussions. Plaintiff[']s Motion for Extension of Time to Amend Pleadings (Dkt. 51) is GRANTED and the hearing set for December 28, 2023 is CANCELLED. **Plaintiff[']s deadline to file a motion for leave to amend the complaint is December 18, 2023.** Plaintiff should ensure the motion complies with District of Minnesota Local Rule 15.1 and all other Federal and Local Rules. The parties intend to file a stipulation to amend the schedule on or before December 5, 2023, following which the Court will issue an Order regarding the schedule.

(Dkt. 56. (emphasis added).)  In other words, the minutes—which were mailed to Roers' address of record—reflected that the December 4 status conference was a hearing on the motion for extension of time to amend pleadings.  (*See id.*)  The minutes also specifically ordered Roers to "file a motion for leave to amend the complaint" and comply with the applicable rules.[1]  (*See id.*)  Roers did neither.

The Court also considers Roers' challenge to Bank of America's statement that it "did not have time to respond" but waited three months to file its motion.  (Dkt. 72 at 2.)  Federal Rule of Civil Procedure 12(f) states that a court may strike a pleading on motion made by a party if the motion is brought before that party responds to the pleading.  Fed. R. Civ. P. 12(f)(2).  Here, Bank of America filed the Motion before responding to the Amended Complaint.  The Motion complies with Rule 12(f)(2).  However, Bank of America does not explain why it waited almost three months to file its Motion.  Bank of America also does not explain why it apparently has not taken any discovery in this case simply because Roers filed an Amended Complaint unaccompanied by a motion.  (*See* Dkt. 55 at 2, 4 & n.3 ("Bank of America intends to file a separate motion to extend pretrial deadlines for a short time, in order to allow sufficient time to take and complete discovery on the operative complaint.").)  Although Bank of America has not yet filed a

---

[1]   The Court directed Roers in the Pretrial Scheduling Order "to the resources for pro se parties at https://www.mnd.uscourts.gov/representing-yourself."  (Dkt. 49 at 1 n.1.)  The Court also reminded Roers that "even though he is representing himself, he is expected to comply with the Local Rules of the District of Minnesota, the Federal Rules, and all Orders of the Court," and provided the links to the Local Rules and Federal Rules at https://www.mnd.uscourts.gov/court-info/local-rules-and-orders and https://www.mnd.uscourts.gov/federal-rules-0.  (*Id.*)

motion to extend, based on the current record, the Court is unable to determine how Bank of America will demonstrate the requisite good cause for the extension.

In sum, Roers has not complied with the Rules and the Court's Order regarding filing a motion for leave to file an amended complaint, and Bank of America has waited almost three months to seek relief and apparently has not taken any discovery in this case notwithstanding the fact that the parties sought, and the Court granted, an extension of the schedule on December 6, 2023.  (Dkts. 57, 60.)

The Court grants the Motion to Strike (Dkt. 64) due to Roers' failure to comply with the Rules and Orders of the Court.  However, the Court will give Roers **one final chance** to file a motion for leave—that is, for the Court's permission—to file an amended complaint that complies with Local Rule 15.1, including filing a proposed amended complaint that is "complete in itself" and does not "incorporate by reference" any prior complaint, where the amended complaint is:

> accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading.

D. Minn. LR 15.1(b).  This is usually accomplished by using Track Changes or the Compare feature in Microsoft Word.[2]

In sum, Roers must file a motion for leave to file an amended complaint and an amended complaint that complies with Local Rule 15.1 on or before **April 29, 2024**.  The

---

[2]   Roers' filings appear to have been drafted using word processing software, and he has never said he is unable to comply with Local Rule 15.1(b).

9

Court will decide the motion on the papers unless the Court determines a hearing is necessary.

As to Bank of America's anticipated request for an extension of the schedule, Bank of America has until **April 29, 2024** to file a motion (or a joint motion with Roers) seeking an extension of the schedule. The Court will also decide this motion on the papers unless the Court determines a hearing is necessary.

### III.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Defendant Bank of America's Motion to Strike Amended Complaint (Dkt. 64) is **GRANTED**;

2. Plaintiff Alan J. Roers' Amended Complaint (Dkt. 63) is **STRICKEN** from the record and the Clerk of Court is directed to strike it from the docket on CM/ECF;

3. Plaintiff Alan J. Roers must file a motion for leave to file an amended complaint and an amended complaint that complies with Local Rule 15.1 on or before **April 29, 2024**; and

4. Defendant Bank of America, to the extent it seeks an extension of the schedule, must file a motion (or a joint motion with Plaintiff Alan J. Roers) on or before **April 29, 2024**.

DATED: April 15, 2024                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge