UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ALAN J. ROERS,                                    Case No. 23-CV-0271 (PJS/ECW)

            Plaintiff,

v.                                                             ORDER

BANK OF AMERICA, N.A.,

            Defendant.

---

Alan J. Roers, pro se.

Mark G. Schroeder, TAFT STETTINIUS & HOLLISTER LLP, for
defendant.

Plaintiff Alan Roers brought this pro se action against defendant Bank of
America, N.A. ("BoA") to invalidate the foreclosure sale of a property located at 5412
Benton Avenue in Edina, Minnesota ("5412 Benton"). The matter is before the Court on
BoA's motion for summary judgment. For the reasons that follow, the motion is
granted.

## I. BACKGROUND

The material facts are undisputed. In 2006, Roers and his then-wife[1] borrowed
$350,000 from Countrywide Home Loans, Inc., and secured the loan with a mortgage on

---

[1]The chain of ownership between Roers and his ex-wife is difficult to follow due
to a series of property transfers before, during, and after their 2009 divorce, but it
appears that, at least since May 27, 2022, Roers has owned 5412 Benton free and clear of
any interest of his ex-wife. *See* Hrg. Tr. 29:4–23, ECF No. 62; ECF No. 28-5.

5412 Benton.  Schroeder Decl. Exs. A–B, ECF No. 77.  In May 2012, the loan and mortgage were assigned to BoA.  Schroeder Decl. Ex. C.  Beginning in November 2012, Roers stopped making payments on the loan because he disputed the amount due. Schroeder Decl. Ex. E; Roers Aff. ¶ 13, ECF No. 28-3 at 6; Delinquency Notice, ECF No. 28-3 at 16.  In March 2019, BoA sent Roers a letter notifying him of his default and of its intent to accelerate the loan and sell the property if the default was not cured. Schroeder Decl. Ex. E.

Roers did not cure the default, but rather filed a lawsuit seeking to stop the foreclosure—a lawsuit that was later dismissed without prejudice.  *Roers v. Bank of Am., N.A.*, No. 27-CV-19-21361 (Minn. 4th Jud. Dist. Feb. 25, 2022).  On May 6, 2022, BoA recorded a "Notice of Pendency to Foreclose Mortgage."  Dobie Decl. Ex. C.  At the time, neither Roers nor his ex-wife occupied 5412 Benton; instead, they rented the property to a tenant.  *See* Schroeder Decl. Ex. H; *see* Dobie Decl. Ex. D; *see* Hrg. Tr. 32:2–13.

On May 20, 2022, the Hennepin County Sheriff personally served the tenant occupying 5412 Benton with a "Notice of Mortgage Foreclosure Sale," along with the informational documents "Help for Homeowners in Foreclosure," "Foreclosure Advice for Tenants," "Homestead Designation Notice," and "Notice of Redemption Rights." Dobie Decl. Ex. D.  In addition to serving the documents on the tenant, the Sheriff also

served Roers and his ex-wife with the documents by substituted service. *Id.* Roers claims that he never received the documents. *See* Pl. Resp. 2–3, ECF No. 81.

On July 7, 2022, a foreclosure sale was held, and BoA bought 5412 Benton for $384,200. Dobie Decl. Ex. O. The Sheriff's Certificate of Sale was recorded on July 13, 2022. *Id.* The six-month redemption period lapsed on January 7, 2023, without any action by Roers to redeem the property. Dobie Decl. Ex. O; *see* Roers Aff. ¶ 4, ECF No. 28-3 at 3. Roers commenced this action in state court on January 6, 2023, and BoA removed it to federal court on February 2, 2023. ECF No. 1.

## II. ANALYSIS

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wobig v. Safeco Ins. Co. of Ill.*, 40 F.4th 843, 847 (8th Cir. 2022) (citing *Johnson v. Safeco Ins. Co. of Ill.*, 983 F.3d 323, 329 (8th Cir. 2020)).

*B. Notice of Foreclosure Sale*

Under Minn. Stat. § 580.19, a Sheriff's certificate of sale is prima facie evidence that a foreclosure sale complied with all legal requirements. Because a Sheriff's certificate of sale was recorded with respect to the foreclosure sale of 5412 Burton, BoA has produced prima facie evidence that the sale was valid.[2] Roers contends, however, that Minnesota law entitled him to service of the notice of the sale, and disputes that he received such service.[3]

Roers argues that Minn. Stat. § 580.03 requires a mortgagee to provide personal service of the notice of a mortgage foreclosure sale to the owner, but § 580.03 requires no such thing. That section—entitled "Notice of sale; service on *occupant*"—requires that "notice shall be served in like manner as a summons in a civil action in the district court upon the person *in possession of the mortgaged premises*, if the same are actually occupied." Minn. Stat. § 580.03 (emphasis added); *Varco-Pruden Bldgs. v. Becker & Sons Const., Inc.*, 361 N.W.2d 457, 458–59 (Minn. App. 1985) (finding owner "was not a 'person in possession of the mortgaged premises' and was therefore not entitled to

---

[2]The record also shows that BoA met all of the requirements for foreclosure by advertisement under Minn. Stat. § 580.02.

[3]It should be noted that Roers does not contend that he was prejudiced by the lack of personal service. Both his tenant and an interested buyer (alerted by the advertisements in the *Star Tribune*) notified him of the sale, and that allowed Roers to attempt to postpone it. Pl. Resp. at 4, ECF No. 81.

notice under Minn. Stat. § 580.03.").  The undisputed evidence shows the Sheriff personally served Roers's tenant, who was the sole *occupant* of 5412 Benton.  *See Skartum v. Koch*, 218 N.W. 446, 446 (Minn. 1928) (finding foreclosure requirements met where "[n]otice was served upon that tenant, who for the purpose of the foreclosure statute was the representative of the owners").  Thus, Roers was not entitled to be served with notice of the mortgage foreclosure sale.

Second, Roers argues that he was entitled to notice under Minn. Stat. § 580.041, which deals with providing foreclosure advice and notice of redemption rights to owners.  But the requirements of § 580.041 apply only to foreclosure of mortgages on "property consisting of one to four family dwelling units, *one of which the owner occupies as the owner's principal place of residency* when the notice of pendency under section 580.032 . . . is recorded."  Minn. Stat. § 580.41, subd. 1a (emphasis added).  Roers does not dispute that he did not occupy 5412 Benton at all, much less as his "principal place of residency" at the time that the notice of pendency was recorded.  Further, the notice required by § 580.041 must be delivered together with the notice of foreclosure required by § 580.03, which (as explained above) applies only to the occupant of the property.  Thus, Roers was not owed notice under § 580.041.[4]

---

[4]Roers also mentions Minn. Stat. § 580.042, but that provision relates to tenants. Roers was not a tenant, and the undisputed evidence shows that his tenant received the notice required by § 580.042.

For these reasons, the Court rejects Roers's claim that BoA failed to satisfy the statutory requirements for foreclosure by advertisement, and grants summary judgment to BoA.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Defendant's motion for summary judgment [ECF No. 74] is GRANTED.

2.    The complaint [ECF No. 1-1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  October 29, 2024

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court